**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                         Case No. 05-cr-174-01-SM

<u>Kelly Guay</u>

**O R D E R**

Defendant moves to reduce her sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 37). For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which she is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The defendant pled guilty to a three count Indictment charging her with Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1).  The presentence report (using the November 1, 2005 edition of the Guidelines Manual with the March 27, 2006 Supplement) determined the defendant was responsible for 29.89 grams of cocaine base (or the equivalent of 597.8 kilograms of marijuana) and 27.77 grams of cocaine powder (or the equivalent of 5.554 kilograms of marijuana) for a total of 603.354 kilograms of marijuana, which resulted in a base offense level of 28.  After applying a three level reduction for acceptance of responsibility, the defendant's

total offense level was determined to be 25.  Pursuant to USSG §4B1.1, the defendant was determined to be a career offender and, as a result, her base offense level was increased to level 32, which resulted in a total offense level of 29 (after applying a three level reduction for acceptance of responsibility), her criminal history was determined to be VI and her advisory guideline range to be 151 to 188 months.

At the sentencing hearing on August 23, 2006, the court adopted the presentence report without objection by counsel.  The court did, however, grant the defendant's motion for a non-guideline sentence and sentenced the defendant to 60 months imprisonment on each count to run concurrently with a recommendation for the Bureau of Prisons drug treatment program and 3 years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant receives a two level

reduction in her base offense level from level 28 to level 26.[1] However, because the defendant has been deemed to be a career offender, there is no reduction in her total offense level or her guideline imprisonment range.  Therefore, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's guideline range.

Therefore, for the foregoing reasons, defendant's motion to reduce sentence (document no. 39) is DENIED.

**SO ORDERED.**

Date:    4/24/08

_____
Steven J. McAuliffe
United States District Judge

cc:  Kelly Guay, pro se
     Counsel of Record

---

[1] It is worth noting that the current edition of the Guidelines Manual would not result in a two level reduction because of methodology presently used to convert multiple drugs to their marijuana equivalent.  On April 16, 2008, however, the Sentencing Commission amended the methodology to convert multiple drugs in crack cocaine cases.  Under that amendment, the defendant would be entitled to a two level reduction.  Although this amendment will not take effect until May 1, 2008, the court has given the defendant the benefit of its application in this analysis.